IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Larry D. Knox,                   :

    Plaintiff,               :

 v.                              :       Case No. 2:04-cv-0410

Anthony Brigano, et al.,         :       JUDGE GRAHAM

    Defendants.              :

REPORT AND RECOMMENDATION

On May 13, 2004, the Court received a complaint and motion to proceed in forma pauperis from Larry D. Knox, a prisoner proceeding pro se. On May 19, 2004, Mr. Knox was granted leave to proceed in forma pauperis. The action is now before the Court for an initial screening under 28 U.S.C. §1915A. For the following reasons, it will be recommended that Mr. Knox's complaint be dismissed for failure to state a claim.

28 U.S.C. §1915A provides that the Court "shall review, before docketing, if feasible . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and further provides that the Court "shall . . . dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A suit is frivolous if it lacks any arguable foundation in either fact or law. See Neitzke v. Williams, 490 U.S. 319 (1989). A

complaint fails to state a claim if, after accepting as true all well-pleaded allegations of the complaint, it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief.  See Conley v. Gibson, 355 U.S. 41 (1957).  The Court is mindful that pro se complaints are to be construed liberally in favor of the pro se party.  See Haines v. Kerner, 404 U.S. 519 (1972).  It is with these standards in mind that the Court conducts its initial screening of the complaint submitted by this plaintiff.

Mr. Knox alleges that his First, Fifth, Eighth, and Fourteenth Amendment rights have been violated.  Mr. Knox outlines a number of facts which he claims give rise to the constitutional violations.  For example, he claims that prison officials have not followed the proper procedures for holding him in local/disciplinary control and that a corrections officer improperly gave him a "ticket" for being "out of place."  He claims that it is the corrections officers' responsibility to lock the cell doors so that prisoners are not in the wrong areas and that they have violated this duty.  Mr. Knox also claims that corrections officers wrongfully tell prisoners to leave commissary items out of the property vaults and tell them that their items will be destroyed if the prisoners do not mail the items home.

Mr. Knox raises these claims against defendants Anthony Brigano who is the warden of Lebanon Correctional Institution where Mr. Knox currently is incarcerated, Julia Bush who is the managing appeals officer, and April Overly who is the acting Inspector.  Mr. Knox claims that he sent kites, complaints, and grievances about the above issues to Mr. Brigano, but Mr. Brigano did not respond to them.  He claims that Ms. Bush does not understand prison procedures, she finds all inmates guilty of being out of place, and she denies all of the appeals that she

reviews. Regarding Ms. Overly, her name is not mentioned in the complaint. Review of the cover sheet to the complaint reveals that Mr. Knox initially named Major Crushfield as a defendant. But, on the cover sheet, Major Crushfield's name is crossed out and Ms. Overly's name is written in. Thus, the Court concludes that the claims asserted against Major Crushfield are now asserted against Ms. Overly. If this is the case, then Mr. Knox claims that he sent kites to Ms. Overly about the above issues but was not satisfied with her response. Mr. Knox asserts these claims against the defendants in their individual capacities.

It is well settled that liability under 42 U.S.C. §1983 may not be imposed where there is no involvement on the part of an official. See Searcy v. City of Dayton, 38 F.3d 282, 287 (6th Cir. 1994); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Section 1983 liability must be based on more than respondeat superior, or the right to control employees. See Hays v. Jefferson County, 668 F.2d 869, 874 (6th Cir. 1982); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). Thus, prison officials whose "only roles" "involve the denial of administrative grievances or the failure to act . . . cannot be liable under §1983." Shehee, 199 F.3d at 300.

In order to establish liability under §1983 against a supervisory official, a plaintiff must show that the supervisory official was personally responsible for the alleged constitutional deprivation. See Taylor v. Michigan Dep't of Corrections, 69 F.3d 76, 81 (6th Cir. 1995); Kelly v. Wehrum, 956 F. Supp. 1369, 1375 (S.D. Ohio 1997). A supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly

acquiesced in the unconstitutional conduct of the offending officers." Shehee, 199 F.3d at 300 (quoting Hays, 668 F.2d at 874); see also Bellamy, 729 F.2d at 421.

After reviewing Mr. Knox's complaint, it does not appear that Defendants were personally involved in the facts giving rise to the alleged constitutional violations. Instead, it appears that his claims against them stem only from their failure to respond to his kites and grievances in a satisfactory way. Therefore, Mr. Knox has not stated a claim against Defendants and it will be recommended that his complaint be dismissed. See Shehee, 199 F.3d at 300; see also Stamps v. McWherter, 888 F.Supp. 71, 74 (W.D. Tenn. 1995)(explaining that there is no constitutional right to an effective grievance procedure).

Based on the foregoing, it is recommended that Mr. Knox's complaint be dismissed for failure to state a claim.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a

waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge