IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Larry D. Knox,                  :

    Plaintiff,              :

  v.                            :      Case No. 2:04-cv-0410

Anthony Brigano, et al.,        :      JUDGE GRAHAM

    Defendants.             :

OPINION AND ORDER

    On April 25, 2005, upon an initial screening of Mr. Knox's complaint under 28 U.S.C. §1915A, the Magistrate Judge issued a Report and Recommendation recommending that the complaint be dismissed for failure to state a claim.  On May 6, 2005, Mr. Knox filed objections to the Report and Recommendation.  For the following reasons, Mr. Knox's objections will be overruled and the Report and Recommendation will be adopted in its entirety.

    Mr. Knox filed this action against defendants Anthony Brigano who is the warden of Lebanon Correctional Institution where Mr. Knox currently is incarcerated, Julia Bush who is the managing appeals officer, and April Overly who is the acting Inspector. After reviewing Mr. Knox's complaint, the Magistrate Judge concluded that it does not appear that Defendants were personally involved in the facts giving rise to the alleged constitutional violations.  Instead, the Magistrate Judge found that it appears that his claims against them stem only from their failure to respond to his kites and grievances in a satisfactory way.  As the Magistrate Judge explained, liability under 42 U.S.C. §1983 must be based on more than a prison official's failure to respond to a

grievance in a satisfactory way.  See Stamps v. McWherter, 888 F.Supp. 71, 74 (W.D. Tenn. 1995). Consequently, the Magistrate Judge recommended that Mr. Knox's complaint be dismissed for failure to state a claim.

In his objections, Mr. Knox claims that Defendants did not follow prison policies and procedures in administering discipline. Specifically, he claims that "Julia Bush did not give face to face review on appeal of medical boots [and] non-smoking dorm" or on "'blue band' disciplinary in cell isolation." Plaintiff's Objections at 2 and 3. Also, apparently each defendant also denied his request through a grievance for medical boots. See id. at Affidavit in Support at 4.

The Court concludes that a claim based on Defendants' denial of Mr. Knox's grievance requesting medical boots is not cognizable. As explained by the Magistrate Judge, prison officials whose "only roles" "involve the denial of administrative grievances or the failure to act . . . cannot be liable under §1983." Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). Therefore, Mr. Knox's objection on this ground is overruled.

Regarding Mr. Knox's general claim that Defendants failed to follow prison policies and procedures in administering discipline, the Court cannot discern a claim of personal involvement in disciplining Mr. Knox on Ms. Overly's or Mr. Brigano's part from the complaint or his objections. As explained by the Magistrate Judge, it is well settled that liability under 42 U.S.C. §1983 may not be imposed where there is no involvement on the part of an official. See Searcy v. City of Dayton, 38 F.3d 282, 287 (6th Cir. 1994); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Further, to the extent that they were "involved" through denying a grievance, as explained above, such a role is not sufficient for liability under §1983. See Shehee, 199 F.3d at 300. Therefore, Mr. Knox's objections related to Ms. Overly and Mr. Brigano on this

ground are overruled.

Regarding his specific claim that Ms. Bush failed to give him a "face to face" review, he cites to Ohio Admin. Code §5120-9-07. Review of this code section reveals that sub-section (E) appears to require a hearing officer to interview an inmate named in a conduct report filed by a prison official.  However, it does not seem that Ms. Bush served as a hearing officer.  In fact, Mr. Knox designates her as a managing appeals officer.  See Complaint at 1.  Thus, as the Magistrate Judge concluded, it does not appear that Ms. Bush was personally involved in the discipline administered to Mr. Knox.  As stated above, liability under §1983 cannot be imposed when there is no involvement on the part of an official.  See Searcy, 38 F.3d at 287; Bellamy, 729 F.2d at 421.  Further, to the extent that she was "involved" through denying a grievance, as explained above, such a role is not sufficient for liability under §1983. See Shehee, 199 F.3d at 300.  Therefore, Mr. Knox's objection on this ground will be overruled.

Based on the foregoing, Mr. Knox's objections (file doc. #8) are OVERRULED and the Report and Recommendation (file doc. #6) is ADOPTED IN ITS ENTIRETY.  This action is terminated.

It is so ORDERED.

                                          s/James L. Graham  
                                          JAMES L. GRAHAM  
                                          United States District Judge

DATE:  July 21, 2005